**Anabella Hermocinda GRAMAJO DE LEON; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–77040.

United States Court of Appeals, Ninth Circuit.

July 3, 2006.

Robert L. Lewis, Esq., Law Office of Robert L. Lewis, Oakland, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Hillel Smith, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, TALLMAN and CALLAHAN, Circuit Judges.

ORDER

We have reviewed respondent's motion to dismiss and petitioners' opposition to the motion to dismiss. We conclude that petitioners have failed to raise a colorable constitutional claim to invoke our jurisdiction over this petition for review. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001); *Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Accordingly, respondent's motion to dismiss this petition for review for lack of jurisdiction is granted. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), remains in effect until issuance of the mandate.

DISMISSED.

PREGERSON, Circuit Judge, dissenting.

I dissent. This case, and the sixty-four others like it filed today, will have an adverse effect on children born in the United States whose parent/parents are illegal immigrants. When a parent is denied cancellation of removal, the government effectively deports the United States-born children of that parent. This unconscionable result violates due process because circumstances will force children to suffer de facto expulsion from the country of their birth or forego their constitutionally protected right to remain in this country with their family intact. *See, e.g., Moore v. City of E. Cleveland,* 431 U.S. 494, 503–05, 97 S.Ct. 1932, 52 L.Ed.2d 531 (1977) (plurality opinion) ("Our decisions establish that the Constitution protects the sanctity of the family precisely because the institution of the family is deeply rooted in this Nation's history and tradition."); *Stanley v. Illinois,* 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972) (recognizing that "[t]he integrity of the family unit has found protection in the Due Process Clause of the Fourteenth Amendment").

Furthermore, as a nation we should recognize that many children born of illegal immigrants serve and have served with honor and distinction in our military forces, and many have laid down their lives on the altar of freedom.